IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BOB O. PARRIS,                           )
                                         )
           Plaintiff,              )
                                         )
vs.                                      )    Case No. CIV-05-795-C
                                         )
THOMAS K. VEST, F.B.I. AGENT, et al.,    )
                                         )
           Defendants.             )

## MEMORANDUM OPINION

Defendant Vest has filed a motion to dismiss Plaintiff's claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. Plaintiff responded with an objection and a "Fraud upon the Court Motion."

Plaintiff filed this action on July 14, 2005, against Vest, an F.B.I agent, and other unnamed agents for alleged constitutional violations and torts committed during an investigation and prosecution of him for mail and wire fraud.[1] Specifically, Plaintiff alleges

---

[1] Plaintiff brings this action as [sic] Bivens action for violations of plaintiff's civil rights under 42 U.S.C. Sections 1983 and 1985, the federal tort claims act, as well as under laws of the State of Oklahoma, for damages to compensate him for his economic loss and other damages caused by defendants' unlawful actions committed against him.
    Defendant's [sic] are FBI Agents who investigated and/or testified against the Plaintiff in a matter wherein Plaintiff was charged with mail fraud and wire fraud in violation of Title 18 USCA Sections 1341 and 1343 on or about April 17, 1991 for violations in April, May and June of 1986.

(Compl. ¶¶ 5-6.)

that Vest fabricated and "distorted" evidence and lied under oath. According to Plaintiff, the government's evidence against him consisted primarily of the "accounting" testimony from Vest and the other agents. (Compl. ¶ 9.) In the Complaint and throughout his filings with the Court, Plaintiff asserts that Vest's role in the investigation and prosecution of him was fundamentally unfair and resulted in his being imprisoned and being unable to work in his profession. See, e.g., Compl. ¶ 11 ("The course of conduct described above has also resulted in Loss of Freedom, Liberty, and [Plaintiff] is unable to regain his Accounting License for his lively hood [sic].").

As an initial matter, the Court agrees that Plaintiff's claims are collateral attacks on his conviction because they seek relief based on the alleged fabricated evidence and perjured testimony that led to his conviction. Because success on these claims necessarily implies that Plaintiff's criminal conviction was wrongful, they are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), absent proof that Plaintiff's conviction or sentence has been reversed, invalidated, or called into question. See also Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) (applying the Heck analysis to Federal Tort Claims Act claims), Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying Heck to Bivens actions); Lawson v. Engleman, 67 Fed. Appx. 524, 526 n.1 (10th Cir. 2003) (unpublished decision) (observing that Heck has been extended to § 1985 claims)[2]. Plaintiff has failed to present such evidence. Therefore, his claims are dismissed.

---

[2] This unpublished opinion is cited in accordance with Tenth Circuit Rule 36.3(B) because it has persuasive value and assists the Court in its disposition.

Dismissal of certain individual claims is also appropriate for different reasons. First, Plaintiff has not sued the United States and has failed to exhaust his administrative remedies within the requisite time period allowed under the Federal Tort Claims Act (FTCA). Because Plaintiff was convicted in 1991 and has not alleged or offered proof that he has ever filed any administrative claim, any claim under FTCA must be dismissed. 28 U.S.C. § 1675; Pipkin v. USPS, 951 F.2d 272, 273 (10th Cir. 1991) (explaining that "[e]xhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA"). Second, although Plaintiff could bring a Bivens action against a federal officer in his individual capacity for violations of Plaintiff's civil rights (if those claims were not barred under Heck), he cannot assert claims under 42 U.S.C. § 1983 (to the extent that he is attempting to do so) because Vest was not acting under color of *state* law. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). Third, with respect to Vest's testimony at trial, Vest is absolutely immune from damages liability based on that testimony. Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). And, fourth, absent any viable federal cause of action, the Court would decline to exercise supplemental jurisdiction over any remaining state law claims (assuming diversity exists).

Because Plaintiff's claims against the unnamed FBI agents are based on the same conduct alleged of Vest, and because those claims are legally unsupportable for the reasons stated above, Plaintiff's complaint will be dismissed in its entirety. That dismissal is with prejudice because no amendment could cure the problems identified. Finally, it is not clear

what Plaintiff is asking of the Court in the "Fraud upon the Court Motion" included in his response. Therefore, that motion is denied.

Accordingly, Defendant Thomas K. Vest's Motion to Dismiss (Dkt. No. 29) is GRANTED. Plaintiff's claims are DISMISSED with prejudice. Plaintiff's Fraud Upon the Court Motion (Dkt. No. 30) is DENIED.

IT IS SO ORDERED this 18th of May, 2006.

ROBIN J. CAUTHRON
United States District Judge